El Pueblo v. González et al.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 451.—Resuelto en octubre 29, 1912.

Derecho Penal—Libelo—Malicia—Presunción.—Una persona denunciada por un miembro de la policía, tiene derecho a negar públicamente la veracidad de los hechos imputados en la denuncia, pero no puede, sin incurrir en el delito de libelo, imputar al denunciante hechos tendentes a demostrar que había obrado impulsado por motivos deshonrosos y que había cometido el delito de perjurio, y el hecho de haber el denunciado publicado estas im-

putaciones contra el denunciante, es suficiente para presumir que obró con malicia, y a falta del pliego de excepciones, este tribunal tiene que presumir que la malicia fué probada, si hubiera habido necesidad de probarla.

Los hechos están expresados en la opinión.

Abogado de los apelantes: Sr. *Manuel F. Rossy.*

Abogado del apelado: Sr. *Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el presente caso no existe pliego de excepciones y la única cuestión que puede ser tomada en consideración es la que hace referencia a la suficiencia de la denuncia. El delito imputado fué el de libelo y la denuncia expresa que al denunciante, oficial de la Policía Insular, se le había atribuído por los acusados en un telegrama publicado en *La Democracia,* el hecho de haber presentado una denuncia falsa contra ellos; que dicho oficial de la policía había mentido y denunciado a sabiendas a los referidos acusados, con el fin de ganar méritos, queriéndose decir que el denunciante había presentado anteriormente una denuncia falsa contra los acusados para lograr su ascenso. La denuncia presentada en este caso también expresa con palabras adecuadas, no solamente la intención maliciosa sino la falsedad del libelo y que el mismo tenía por objeto atacar la honradez, virtud, y buena fama del denunciante.

Alega el apelante, que puesto que los acusados solamente negaban la acusación falsa que contra ellos se presentó, no podía atribuírseles malicia alguna a los mismos. Ellos tenían, según expresó el juez de la corte inferior, perfecto derecho a negar públicamente la veracidad de los hechos imputádoles pero no tenían razón para imputar hechos tendentes a demostrar que el denunciante había estado impulsado por motivos que lo deshonraban así como tampoco para hacer ver que tal vez había cometido el delito de perjurio. Al publicar el relato que por sí y necesariamente tendía a perjudicar al denunciante, debe presumirse la malicia. Este caso y la sen-

tencia que ha sido dictada son semejantes al de *The State* v. *De Long et al.*, 88 Ind., 312.

Además, si hubiera sido necesario probar la malicia, este tribunal, a falta del pliego de excepciones, hubiera tenido que presumir que dicha malicia quedó probada. La imputación de malicia fué suficientemente alegada en la denuncia.

Por las razones expuestas, debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.